IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| EDWARD RONWIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:10-CV-04201-NKL |
| | ) |
| UNION ELECTRIC CO., d/b/a AMEREN UE, a Missouri Corporation and JON WELLINGHOFF, Chairman of the FEDERAL ENERGY REGULATORY COMMISSION | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Edward Ronwin ("Ronwin") applied to Union Electric ("UE") for a permit to dredge the waters in front of his property at the Lake of the Ozarks. UE denied the permit. Ronwin subsequently sued UE in the United States District Court for the Eastern District of Missouri seeking remedies based on UE's denial of his permit. *See Ronwin v. Union Electric*, No.: 07cv1536-CDP. In Court III of the Eastern District case, he specifically challenged the constitutionality of the manner in which the Federal Energy Regulatory Commission regulations were enforced to deny him a permit. *Id.* at Doc. 120. Ronwin now sues UE again claiming that UE violated his constitutional rights by denying him a permit, by publishing a chart and by unlawfully interfering with a business expectancy. [Doc. # 5]. Before the Court is UE's motion to dismiss. [Doc. # 10]. For the following reasons, the Court GRANTS UE's motion.

**I.  Background**

The following facts are taken from Ronwin's Complaint [Doc. # 5] and are assumed true for purposes of this motion to dismiss.

Ronwin, a citizen of Colorado, is the owner of all of Lot 38C, Horseshoe Bend No. 5, Camden County, MO ("property"). The property has at least 350 feet of usable shoreline on the Lake of the Ozarks ("lake"). Ronwin's property includes an easement, which reads in part: "to use the surface of said lands, whether submerged or not, for any and all purposes whatsoever, including the erection and maintenance of improvements." [Doc. # 5, at 3].

UE is a company incorporated in the State of Missouri, which has its principal offices in St. Louis, Mo. It operates the Bagnell Dam at the east end of the Lake of the Ozarks under license from the Federal Energy Regulatory Commission ("FERC"). Under the license, UE has the duty to enforce regulations with respect to the lake and control activities on it. This includes the power to grant permits for docks and dredging in the waters fronting a shoreline owner's land.

It is undisputed that UE denied Ronwin's application for a dredging permit for a dock that is smaller than the combined size of the two boat docks he had previously been allowed to build. UE's reason for the denial was "the importance of shallow water fish habitat found in the backs of coves." [Doc. # 5, at 4]. The dredging permit sought by Ronwin requested permission to dredge no closer than about two hundred feet from the end of a cove in the lake. According to Ronwin, UE's denial of the permit caused a ready, willing, and able real estate developer, who was interested in Ronwin's property, to refuse to purchase Ronwin's

property, and UE had knowledge of Ronwin's relationship with the potential buyer. According to Ronwin, UE had no factual bases for denying him a permit.

UE also circulated a chart showing that Ronwin's property extends over the shoreline waters to only one-third the distance from Ronwin's shoreline to the opposite shoreline. The chart also shows that land owned by a different owner whose shoreline is opposite Ronwin's also extends to only one-third of the distance toward Ronwin's shoreline. The universal standard with respect to lands having a shoreline on bodies of inland waters, such as a lake, is that the shoreline boundaries extend over the body of water to the mid-line of the lake.

In Count I, Ronwin alleges that Defendants seized, abolished, or eliminated Ronwin's easement without due process of law, under the Fifth and Fourteenth Amendments and in violation of the Fifth Amendment's taking clause. He claims that UE denied his dredging application "without factual basis," without "any clue as to how one can determine its use as a basis for denial of the dredging permit." He also states that UE failed to pay him compensation for limiting the use of his easement. [Doc. # 5, at 4]. In Count II, Ronwin separately asserts that UE took his property without payment of just compensation when UE circulated a map that incorrectly indicated the boundaries of Ronwin's property. In Count III, Ronwin charges that UE intentionally and unlawfully interfered with a valid business expectancy he had with a prospective purchaser by denying Ronwin a permit to dredge and build a dock. Ronwin seeks to recover from UE compensatory, punitive, and exemplary damages, recovery of costs, and a permanent injunction prohibiting UE "from using their dock, dredging and other permit granting rights so as to 'seize, abolish or eliminate' state

3

property and riparian rights without payment of 'just compensation.'" [Doc. # 5, at 4].

## II. Discussion

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

### A. Count I: Violations of Fifth and Fourteenth Amendments - Denial of Permit

It is unclear to the Court how UE could have violated any of Ronwin's rights under the Fourteenth Amendment. Defendant UE is a Missouri corporation licensed by FERC to enforce regulations. It is not part of state government. Because Ronwin does not allege any action by a state actor, he fails to state a claim under the Fourteenth Amendment. Further, all of Ronwin's claims in Count I are barred by res judicata.

4

The doctrine of res judicata bars a litigant from raising the same claim in a second lawsuit against the same party. *Lane v. Peterson*, 899 F.2d 737 (8th Cir. 990); *see also* Restatement (Second) of Judgments § 24 (1980). A second suit is barred even if it raises a different legal theory so long as both suits arise out of the same nucleus of operative facts. *Poe v. John Deere Co.*, 675 F.2d 1103 (8th Cir. 1982).

Although Count I of Ronwin's suit in this Court is vague as to which of his constitutional rights have been violated by UE, Count I is clearly based on UE's denial of his permit. Similarly, he sued UE in the Eastern District of Missouri for the same permit denial. Because Count I in this case involves the same nucleus of operative facts as the facts raised in Count III of the Eastern District case, Count I is barred by the doctrine of res judicata.

### B. Counts II: Violation of the Fifth Amendment's Takings Clause - Chart

In Count II, Ronwin alleges that UE's circulation of a map that indicates incorrectly drawn boundaries of his property amounts to an unlawful taking. However, Ronwin fails to allege additional facts or state by what legal theory UE's actions would constitute a taking of property. The mere circulation of a drawing by UE, even if property lines are drawn incorrectly, does not divest Ronwin of any property rights.

Count II is dismissed for failure to state a claim.

### C. Count III: Tortious Interference with a Business Expectancy

In Count III, Ronwin asserts a claim for tortious interference with a business expectancy. He claims that he had a prospective buyer for the property but lost the sale as a result of the denial of his permit. Under Missouri law, a claim of unlawful or tortious

5

interference with a business expectancy requires: "(1) a contract or business expectancy, (2) defendant's knowledge of the contract or relationship, (3) a breach induced or caused by defendant's intentional interference, (4) absence of justification, and (5) damages." *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 316 (Mo. 1993) (en banc). The Court finds that Ronwin has not adequately stated such a claim because he has not identified the prospective buyer nor explained why the denial of the permit was unjustified.

Without identifying the prospective purchaser of his property, Ronwin has not put UE on notice of the incident on which Count III is based. Further, Missouri law states: "It is not justification to knowingly procure the breach . . . where the defendant acts with an improper purpose and seeks not only to further his own interests, but in doing so employs improper means." *Cmty. Title Co. v. Roosevelt Fed. Sav. & Loan Ass'n*, 796 S.W.2d 369, 372 (Mo. 1990) (citation omitted) Improper means are those " that are independently wrongful, such as threats, violence, trespass, defamation, misrepresentation of fact, restraint of trade, or any other wrongful act recognized by statute or the common law." *Nazeri*, 860 S.W.2d at 317.

Here, Ronwin's Complaint asserts that the "improper means" employed by Defendants is "UE['s] . . . deni[al] [of Ronwin's] application for a dredging permit on specious grounds." [Doc. #5, at 6]. Ronwin, however, fails to explain why UE's grounds are "specious" or why Defendants were not justified in denying Ronwin's dredging permit based on the importance of fish habitat. Ronwin makes several conclusory statements but fails to show how current fish habitat conditions would not be harmed by dredging and the construction of a dock. The Court finds that Ronwin has failed to state a claim for tortious

6

interference with a business expectancy.

### III. Conclusion

Accordingly, it is hereby ORDERED that UE's motion to dismiss [Doc. # 10] is GRANTED.

                                         s/ Nanette K. Laughrey
                                         NANETTE K. LAUGHREY
                                         United States District Judge

Dated: February 2, 2011
Jefferson City, Missouri