# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| EDWARD RONWIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:10-CV-04201-NKL |
| ) | |
| UNION ELECTRIC CO., d/b/a AMEREN ) | |
| UE, a Missouri Corporation and JON ) | |
| WELLINGHOFF, Chairman of the ) | |
| FEDERAL ENERGY REGULATORY ) | |
| COMMISSION ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Plaintiff Edward Ronwin ("Ronwin") applied to Union Electric ("UE") for a permit to dredge the waters in front of his property at the Lake of the Ozarks. UE denied the permit. Ronwin now sues John Wellinghoff, Chairman of the Federal Energy Regulatory Commission ("FERC"), for a permanent injunction preventing FERC from allowing UE to exercise its permitting rights in violation of the Fifth Amendment and the Supreme Court's holding in *Federal Power Commission v. Niagara Mohawk Power Corp.*, 347 U.S. 239 (1954). Before the Court is FERC's motion to dismiss. [Doc. # 23]. For the following reasons, the Court grants FERC's motion.

### I. Background

The following facts are taken from Ronwin's Complaint [Doc. # 5] and are assumed

1

true for purposes of this motion to dismiss. The Court reads Ronwin's Complaint against Mr. Wellinghoff in his official capacity as a complaint against FERC. *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. Ark. 2007) ("A suit against a governmental actor in his official capacity is treated as a suit against the governmental entity itself.") (citations omitted).

Ronwin, a citizen of Colorado, is the owner of all of Lot 38C, Horseshoe Bend No. 5, Camden County, MO ("property"). The property has at least 350 feet of usable shoreline on the Lake of the Ozarks ("lake"). Ronwin's property includes an easement, which reads in part: "to use the surface of said lands, whether submerged or not, for any and all purposes whatsoever, including the erection and maintenance of improvements." [Doc. # 5, at 3].

UE is a company incorporated in the State of Missouri, which has its principal offices in St. Louis, Missouri. It operates the Bagnell Dam at the east end of the lake under license from FERC. Under the license, UE has the duty to enforce regulations with respect to the lake and control activities on it. This includes the power to grant permits for docks and dredging in the waters fronting a shoreline owner's land.

Ronwin sought, and was denied, a dredging permit by UE. As part of this litigation, Ronwin contested the constitutionality of UE's denial. The Court has held that Ronwin's claim against UE is barred by res judicata as it involves the same nucleus of operative facts as Ronwin's prior litigation in the Eastern District of Missouri. [Doc. # 45]; *see Ronwin v. Union Electric*, No. 07cv1536-CDP.

Here, in Count I, Ronwin alleges that "FERC has failed and refused to order UE to refrain from actions vis-à-vis UE's permit granting activity which effectively 'seizes, abolishes or eliminates' said easement unless UE is willing to pay 'just compensation.'" [Doc. # 5, at 4]. Ronwin clarifies his claim by stating that he "seeks only a permanent injunction requiring [FERC] to abide by the terms of *Niagara Mohawk* and the 5th Amendment and to enlighten its licensees, including Ameren, that they, too, must obey the decision and amendment." [Doc. # 29, at 10].

## II. Discussion

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Here, Ronwin claims that UE's permitting activity is unlawful because he was not paid "just compensation" for the deprivation of his easement rights caused by UE's denial of a dredging permit. Based on such allegedly unlawful activity, he requests the Court to enjoin FERC and require it to comply with the Constitution as discussed in *Niagara Mohawk*, 347 U.S. 239, and to "enlighten" its licensees to follow such laws. FERC argues that to the extent that the issues asserted against it were already litigated before the district court in the Eastern District of Missouri, *Ronwin v. Union Electric*, No. 07cv1536-CDP ("Eastern District case"), collateral estoppel prevents the Court from permitting the issues to be re-litigated. [Doc. # 23, at 18 n.17].

In the Eastern District case, the court dismissed Count III of Ronwin's complaint, which challenged the constitutionality of FERC regulations and their manner of enforcement, for failure to state a claim. [Doc. # 11-6, at 10]. In the Eighth Circuit, issue preclusion or collateral estoppel–has five elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007) (citing *Anderson v. Genuine Parts Co.*, 128 F.3d 1267, 1273 (8th Cir. 1997)). Additionally, the Eighth Circuit recognizes that "recent decisions have relaxed traditional views of the finality requirement in the collateral

estoppel context by applying the doctrine to matters resolved by preliminary rulings." *Id.* (quotation omitted).

Here, Ronwin again claims that FERC's enforcement of its regulations through Ameren UE's activity in this case violates the Constitution. Collateral estoppel applies to this claim as all five elements of issue preclusion are satisfied: FERC was in privity with its licensee, UE, which was party to the Eastern District case; the issue now before the Court is the same as the issue before the Eastern District–the constitutionality of FERC's enforcement of its regulations; the issue was central to Count III of Ronwin's complaint, which was litigated in the Eastern District; and the district court's dismissal of Count III in the Eastern District case was both a determination of the issue and a "final judgment" for the purposes of issue preclusion.

In addition, the Court finds that FERC's other arguments in support of its Motion to Dismiss are meritorious.

## III. Conclusion

Accordingly, it is hereby ORDERED that FERC's motion to dismiss [Doc. # 23] is GRANTED.

 s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 16, 2011
Jefferson City, Missouri